UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| LINDA KING | ) |
| | ) |
| v. | ) Civil Action No. 2:13-0118 |
| | ) Judge Nixon/Knowles |
| CAROLYN W. COLVIN, ACTING | ) |
| COMMISSIONER OF SOCIAL SECURITY | ) |

O R D E R

This action was filed pursuant to 42 U.S.C. § 405(g). The Commissioner has responded by filing an answer, and by filing the certified record. It appears that the filing of a motion for judgment based upon the administrative record is appropriate and is necessary for the Magistrate Judge's Report and Recommendation. See Wilkins v. Baptist Healthcare Systems, Inc., 150 F.3d 609, 619 (6th Cir. 1998).

To facilitate review of the administrative decision, the Plaintiff is directed to file a motion for judgment on the administrative record supported by a brief within thirty (30) days of entry of this Order. The Plaintiff's brief shall include the following:

(a) **Statement of the Case.** This statement shall briefly outline the course of proceedings and disposition at the administrative level. The statement shall set forth a brief

statement of relevant facts including Plaintiff's age, education, work experience, a summary of the physical and/or mental impairments alleged by Plaintiff, and an outline of the pertinent factual, medical, and vocational evidence in the record.  <u>Each statement of fact should be supported by reference to the page(s) in the record where the evidence is located</u>.

(b)  **Statement of Errors.**  This statement should set forth, in separately numbered paragraphs, the specific errors allegedly committed at the administrative level which entitle the Plaintiff to relief.  The Court will consider only those errors specifically identified in the briefs.  A general allegation that the ALJ's findings are unsupported by substantial evidence is insufficient.

Each specific error alleged should be supported by reference to the portion of the record relied upon and by citations of statutes, regulations, and cases supporting the Plaintiff's position.

Relevant cases from this district and circuit should be cited.  If authority on point from this jurisdiction does not exist, cases from other districts and circuits may be cited.

The Plaintiff's brief should conclude with a short statement of the relief sought.  Specifically, the brief should state whether

2

the Plaintiff seeks (1) reversal; (2) remand; or (3) reversal or, in the alternative, remand.[1]

The Defendant shall, within thirty (30) days of service of the Plaintiff's brief, file a brief in response. The Defendant's brief shall respond specifically to each issue raised by the Plaintiff. The Defendant shall also support each response by reference to the portion of the record relied upon and by citations of statutes, regulations, and cases supporting the Defendant's position. In addition, the brief should raise relevant matters not put at issue by the Plaintiff and include any supplemental materials needed to support such other matters.

Defendant should include a "statement of the case," only to the extent that the Defendant contends the Plaintiff's statement is <u>inaccurate or incomplete</u>.

**Reply briefs shall not be filed without leave of Court.**

Neither party is required to file motions for summary judgment or Social Security Appeal Fact forms.

---

[1] In the case of a remand, the Plaintiff should indicate whether the remand is being sought pursuant to sentence four of 42 U.S.C. § 405(g) or sentence six of 42 U.S.C. § 405(g). If the relief sought is a remand pursuant to sentence six, i.e., the Plaintiff is seeking consideration of additional evidence, the Plaintiff must show that the evidence is new and material and that there was good cause for failing to submit the evidence during the administrative proceedings.

If the Plaintiff seeks another form of relief not mentioned above, the Plaintiff is instructed to state the relief sought and cite the proper authority supporting such relief.

IT IS SO ORDERED.

_____
E. CLIFTON KNOWLES
UNITED STATES MAGISTRATE JUDGE

4